Pratt, J.
This is an appeal by William H. Florence from decrees of the surrogate of Westchester county.
William H. Florence died March 5,1881, leaving him surviving his widow, Catherine, and six children, William EL, Luvenia, John L., Walter, Thomas F., and Floretta. He also left a will, subsequently probated, the material parts of which were as follows:
5. “All the rest, residue and remainder of my estate, real and personal, I give, devise and bequeath unto the executors of this my will, hereinafter named, for the uses and purposes following, to wit:
6. “To sell or convey all my real property at such time or times in such manner or parcels, and upon such terms as they shall deem best for the interests of my estate, and until, such sale, to let, and rent the same.
*512 7. “To collect, convert and get in all my personal property, and invest the same and the money derived from the sale of my real property in such interest paying securities as they shall deem safe and best for the interests of my estate, and to keep the same so invested until my youngest daughter, Floretta, shall arrive at the age of twenty-one years and until the decease of my said wife, Catherine.
8. “ I give, devise and bequeath the income and interest that shall be derived by said executors from all the rest, residue and remainder of my estate, and I direct my said executors to pay the same annually or oftener if practicable, as follows, to-wit:
9. To my wife, Catherine, three-ninths thereof; to my son, William EL, one-ninth thereof; to my daughter, Luvenia, one-ninth thereof; to my son, John L., one-ninth thereof; to my son Walter, one-ninth thereof; to my son Thomas F.> one-ninth thereof; and to my daughter, Floretta, one-ninth thereof, until my said daughter Floretta, shall arrive at the age of twenty-one years, and until the decease of my said wife. When both of said events shall have taken place, I give, devise and bequeath all of the said rest, residue and remainder of my estate, real or personal, unto my above named six children, share and share alike.
10. ‘ ‘ And said executors are thereupon directed to distribute and pay over the same to said children, excepting, nevertheless, as to the share of my said daughter, Luvenia, which share, in case she shall then be the wife of William Canard, her present husband, I direct said executor to hold in trust and keep invested and pay the income and interest thereof to her, as aforesaid, so long as she shall remain the wife of said William Canard, and thereafter to pay the said share to her, or her surviving issue.
11. “In the case of the decease of any of my said children before receiving his or her share of my estate £ then I give the share of such deceased child to my other surviving children.”
Catherine, the widow, died June 22,1882. Luvenia Canard died, intestate, May 4, 1886, while yet the wife of William H. Canard, leaving but one child, an infant, William H. Canard. Floretta, his youngest child, became twenty-one years of age March 27, 1887.
The executor filed several accounts, which were judicially settled by decrees as follows: On June 2, 1882, covered by decree; entered June 21, 1882. On July 16, 1884, covering the period from June 21, 1882, to that date, covered by decree of July 16, 1884. On June 14, 1886, covering the period from July 16, 1884, covered by decree entered July 28, 1886; on which occasion requests for findings were made and passed upon by the surrogate; exceptions were *513 taken thereto, and to the decree entered thereon, and a motion was made to re-settle the decree which was denied by an order entered January 10, 1887. An appeal was taken from this order which was dismissed by the general term May 11, 1887. On April 25, 1887, the executor presented a later account and petition for special settlement thereof, covering the period from June 14, 1886, which included the proceeds of real estate sold in the meantime. Citations were issued to interested parties, returnable June 8, 1887, and the hearing was meantime continued from time to time until June 24, 1887, when the matter came on for final hearing before the surrogate, to whom requests for findings and conclusions were only made, which he passed upon, to which disposition appellant excepted, and then entered the final decree, which is now appealed from, judicially settling the accounts. The decree recites that at the hearing of June 22, 1887, an assignment was filed with the surrogate, executed by the son, William H. Florence, to John C. Shaw, covering his distributive share in the estate, and it recites again an assignment by said William H. Florence, of one-half his share of the income to Therese E. Florence, and that said William H. Florence had also assigned to said Shaw the remaining one-half of his share of the income. Other recitals in the decree indicate that William H. Florence had assigned away all his interest in the estate, both principal and income, and the decretal parts of the judgment provide that his share shall be paid to his assignees.
The decree of June 24, 1887, was final and distributes the estate to the children of deceased, and the assignees of those who had assigned, except that the share of the deceased daughter, Luvenia Canard, is given to her son or his guardian.
The appeal is from this last decree, and seeks to review the last preceding decree as an interlocutory judgment or order.
The main point sought to be reviewed on this appeal is that the true construction of the will is, that on the death of any of his children before receiving his or her share, such share should go to his then surviving children, and not to their issue under the eleventh clause. In other words, that since the estate was not to be distributed until both events had happened, viz.: the death of his wife and the majority of Floretta; and since Luvenia died, May 4, 1886, and Floretta did not attain majority until March 27, 1887, Luvenia’s share must go to her four surviving brothers, and to Floretta, the surviving sister, and not to Luvenia’s infant son, William H. Canard. William H. *514 Florence alone makes this contention; none of the other-children or their assignees, indeed none of his own assignees have ever joined in this view.
We do not accept this construction. The whole argument to sustain it rests on the phrase “before receiving his or her share,” in the eleventh paragragh of the will, and presupposes that this clause applies to the event of death of any of the children—that is to say, that the eleventh clause is of general and unlimited application. This does not seem to us to be the proper view. On the contrary* the tenth clause contains an express exception which takes this share out from the rule applicable to the others. The testator there says, “excepting, nevertheless, as to the-share of my said daughter Luvenia,” etc., and he evidently intended to make an exception of Luvenia’s share, which, intent must control. The five shares are to be distributed to, and received by, those five children when the two events have happened. But her share is not to be then received by Luvenia unless there should have happened two other contingencies, one that she shall be living, and the other that she shall have ceased to become the wife of Canard. If she be living and still his wife, she cannot receive her share. It is to remain in trust with the executors, who are to pay her the income so long as she remains Canard’s wife, “who shall thereafter pay * * * the said share to her or her surviving issue.” Here, then, is the testator’s plain purpose respecting this share: Luvenia was to have-the income so long as she remained Canard’s wife. When she ceased to be his wife, being alive, she should receive her share, and if she never ceased to be his wife, being alive, she never was to receive her share. • Suppose she had survived the contingency when the other shares were distributable, viz., Floretta’s majority, and had then died, would her share go to her brothers and sisters % If so, the provision for “surviving issue” becomes utterly meaningless.
We cannot see that the applicant has any interest in the matter, in view of his assignments; but, since that point may not be altogether clear on the- facts presented, we put our decision on the main ground already discussed.
This view renders it unnecessary to consider any of the other questions raised, which are mostly matters of practice.
The decree of the surrogate should be affirmed with, costs.